Shechet v. Doar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges*,
> CATHY SEIBEL,[*]
>> *District Judge.*

---

Jacob Shechet,

> *Plaintiff-Appellant*,

> v.                                                     12-3240

Robert Doar, Patricia M. Smith, First Deputy Commissioner Human Resources Administration, Frances Parous-Abbadessa, Deputy Commissioner Office of Child Support Enforcement, Linda La Greca, Deputy Commissioner Office of Child Support Enforcement, Polina Kamara, Supervisor Office of Child Support Enforcement, Marvin Bettis, Specialist Assistant Office of Child Support Enforcement, Anna Kuchukova, Supervisor Office of Child Support Enforcement, Sean Banner, Office of Child Support Enforcement Representative, Arlene Weberg, General Counsel Human Resources

---

[*]The Honorable Cathy Seibel, United States District Court for the Southern District of New York, sitting by designation.

Administration OSS, Roy A. Esnard, General Counsel Human Resources Administration, Department of Social Services,

*Defendants-Appellees.*[**]

---

**FOR APPELLANT:**   Jacob Shechet, Los Angeles, CA, *pro se*

**FOR APPELLEES:**   No appearances

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jacob Shechet appeals from the July 25, 2012 order of the United States District Court for the Southern District of New York (Preska, *C.J.*) declining to reconsider its *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction and failure to state a claim on which relief could be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Shechet's reconsideration motion was not filed within 28 days of the district court's entry of judgment. Shechet filed his motion on June 11, 2012, and he appears to have confused the date that the judgment was entered, May 9, 2012, with the date that a docket entry indicating that the judgment had been transferred for processing was entered, May 15, 2012. Therefore, the district court correctly construed his motion as brought under Federal Rule of Civil Procedure 60(b) rather than Rules 52(b), 59(b), or 59(e), and, furthermore, his notice of appeal is timely as to the denial of the reconsideration

---

[**]The Clerk of the Court is directed to amend the caption as shown above.

2

motion, but not as to the underlying judgment. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121-22 (2d Cir. 2008); *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991).

This Court reviews the district court's denial of a motion for reconsideration under Rule 60(b) for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). A district court abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding or cannot be found within the range of permissible decisions. *Id.*

An independent review of the record and relevant case law reveals that the district court did not err legally or make any clearly erroneous factual determinations in deciding that, pursuant to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983), it did not have jurisdiction to review a final judgment of a New York state court, and that the defendants were immune from suit in their official capacities under *Dube v. State University of New York*, 900 F.2d 587, 594 (2d Cir. 1990) and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Therefore, we find no errors in the district court's dismissal of those claims, or in its denial of Shechet's motion to reconsider with respect to those claims.

Shechet also raised claims against the defendants in their individual capacities for money damages for enforcing an allegedly non-existent or vacated order, and the reconsideration motion alleged that the district court had erred in dismissing his complaint without notice and an opportunity to be heard. Generally, a district court should not *sua sponte* dismiss an action without affording a plaintiff notice and an opportunity to be heard. *Snider v. Melindez*, 199 F.3d 108, 112-13 (2d Cir. 1999). Furthermore, leave to file an

3

amended pleading is ordinarily given freely, unless granting such leave would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The record here demonstrates that granting leave to amend would be futile given the defects identified by the district court. Shechet's reconsideration motion did not address these defects or assert that they could be cured by filing an amended complaint. The district court did not abuse its discretion in denying Shechet's motion for reconsideration.

We have considered the remainder of Shechet's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4